UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUSIEN, | Case No. 2:24-cv-00083-DJC-JDP (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| v. | THAT PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| BILL NELSON, | |
| Defendant. | ECF Nos. 2, 6, 9, & 11 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff has filed a first amended complaint, ECF No. 5, and four requests to proceed *in forma pauperis*, ECF Nos. 2, 6, 9, & 11.[1]  However, after a review of plaintiff's filings in this district, it appears that plaintiff is a "Three-Striker" within the meaning of Title 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed *in forma pauperis*) "if the prisoner has, on three or more prior occasions, while

---

[1] Plaintiff has filed two complaints; the initial complaint was filed January 8, 2024, ECF No. 1, and the first amended complaint was filed January 16, 2024, ECF No. 5.  The first amended complaint is the operative complaint, but the court will review the initial complaint to assess whether plaintiff was in imminent danger at the time of filing.

1

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Any dismissal for failure to state a claim, whether with or without prejudice, counts as a strike. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020).

The court takes judicial notice of the following cases constituting strikes: *Van Huisen v. DeSantis*, No. 2:23-cv-01758-WBS-KJN (E.D. Cal. Jan. 2, 2024) (dismissed for failure to state a claim); *Van Huisen v. Clinton Administration*, No. 2:23-cv-01596-DJC-KJN (E.D. Cal. Jan. 16, 2024) (dismissed for failure to state a claim); and *Van Husisen v. Joseph R. Biden*, No. 2:23-cv-00944-DJC-EFB (E.D. Cal. Jan. 16, 2024) (dismissed for failure to state a claim). The court also takes judicial notice of *Van Husien v. Chief of Staff*, No. 2:23-cv-02815-DAD-JDP (E.D. Cal. April 3, 2024), where the court denied plaintiff's motion to proceed *in forma pauperis* because he is a Three Striker.

Despite being a "Three-Striker," a plaintiff may be afforded an opportunity to proceed *in forma pauperis* under § 1915(g) if he alleges that he was in imminent danger at the time he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). The plain language of the imminent danger clause in § 1915(g) indicates that imminent danger is to be assessed at the time of filing of the original complaint ("In no event shall a prisoner *bring a civil action* . . ." (emphasis added)). *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"); *Bradford v. Usher*, Case No. 1:17-cv-01128-DAD-SAB, 2019 WL 4316899, *4 (E.D. Cal. Sept. 12, 2019) ("[I]mminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action."). Under this approach, the conditions that existed at some earlier or later time are not relevant. *See Andrews II*, 493 F.3d at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger but did not affect § 1915(g) analysis).

2

1    Plaintiff has not alleged that he was in imminent danger at the time of filing.[2] ECF No. 1.
2 The complaint purports to bring claims against Bill Nelson, the director of the National
3 Aeronautics and Space Administration ("NASA"). ECF No. 1 at 2. The claims plaintiff attempts
4 to allege, however, are unclear and difficult to decipher. For example, plaintiff labels his first
5 claim as "lost leader, vis masor, 'accident, involuntary force, tyranny' man is more disposed to
6 suffer." ECF No. 1 at 5. Additionally, sentences in the complaint appear at times to be a series of
7 unconnected words and latin phrases. *Id.* at 6 ("Nulla emptio sine pretio esse potest."). These
8 allegations, taken as true, do not establish that plaintiff was in imminent danger of physical harm
9 at the time of filing.

10   Accordingly, it is RECOMMENDED that plaintiff's applications to proceed *in forma*
11 *pauperis*, ECF Nos. 2, 6, 9, & 11, be DENIED and plaintiff be directed to tender the filing fee
12 within thirty days of any order adopting these recommendations.

13   These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
15 after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties. Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
18 objections shall be served and filed within fourteen days after service of the objections. The
19 parties are advised that failure to file objections within the specified time may waive the right to
20 appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
21 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22

23   IT IS SO ORDERED.

24
     Dated:   May 2, 2024                               _____
25                                                      JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE
26

---

27   [2] While courts look to the initial complaint to assess imminent danger, the undersigned additionally reviewed the amended complaint and finds that it too does not contain any notion
28 that plaintiff was in imminent danger at the time of that filing.

3